The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax 1-877-666-4456
ryanlozar@gmail.com
www.ryanlozar.com



```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/30/17
```

OCTOBER 24, 2017

Re:   Luis Soto v. City of N.Y., et al., No. 16 Civ. 5927 (AJN) (DF)

Dear Judge Freeman:

    I represent Plaintiff Luis Soto in the above-captioned Section 1983 action. After conferring with defendants' counsel, Kathleen D. Reilly, Esq., the parties jointly submit the below status report regarding discovery. Sections I and II contain the Parties' respective factual summaries. Section III is where the discussion of pretrial progress and planning begins.

    I.    **Brief summary of Plaintiff's allegations.**

    Among other things, Mr. Soto alleges that Defendants Stefano, Thomas, Florez and Beattie fabricated evidence and used excessive force upon him in connection with his July 6, 2014, arrest. During that incident, Mr. Soto was at a neighborhood gathering on July 4th weekend when Individual Defendants pulled up in a police vehicle and rushed toward Mr. Soto. Mr. Soto retreated in the opposite direction on seeing this. According to some video and Mr. Soto's deposition testimony, Defendants reached Mr. Soto and took him to the ground roughly one or two doors from where Mr. Soto stood when the van arrived. It is here that Mr. Soto alleges that Defendants first used excessive force upon him, while he was already restrained on the ground. Mr. Soto suffered various injuries, including a black eye, abrasions, bruises, and knee and back injuries. For the latter, Mr. Soto received subsequent therapy and he acknowledges some degree of pre-existing conditions, which creates some damages-related issues of fact to litigate.

    Mr. Soto also alleges that Defendants searched him while he was restrained on the ground at the arrest scene, finding no contraband. Defendants took Mr. Soto into custody in rear handcuffs; put him in a police vehicle; and Mr. Soto and the four Defendants drove to the nearby precinct together with Mr. Soto sitting next to one of the Defendants. According to Mr. Soto, at the time, he believed this arrest was related to an encounter he had with one of the Defendants the previous day in which the officer accused Mr. Soto of having discarded an open container before the officer could cite him.

    Once Defendants arrived at the precinct with Mr. Soto, Mr. Soto alleges a second use of force in the precinct parking lot in response to his questions regarding the arrest. Among other things, Mr. Soto alleges that he was pushed out of the police vehicle handcuffed. Also at the precinct, one of the Defendants announced that he had found a quantity of cocaine in the police vehicle and accused Mr. Soto of having abandoned it there. Mr. Soto disputes this, citing the negative arrest-scene search and the short ride to the precinct while he was in rear handcuffs and sitting next to a Defendant Officer. Mr. Soto was arrested and charged with various offenses relating to the alleged recovery of this controlled substance from the police van. The charges were later dismissed in their entirety.

## II. Defendants' Statement of the Facts

On July 6, 2014, Police Officers Stefano, Lawrence, Beattie, and Florez—all of whom were in uniform—were part of a team patrolling the vicinity of 193rd Street and St. Nicholas Avenue, Manhattan, in a marked police van. Officer Stefano observed plaintiff make a hand-to-hand transaction, which appeared to be a drug transaction. Indeed, Officer Stefano had observed plaintiff engage in a similar transaction the day before, but plaintiff was not apprehended because he ran away. The officers approached plaintiff in order to arrest him, but he ran away again. When the officers finally caught plaintiff, he resisted arrest, and it was necessary for the officers to use force in restraining plaintiff. Plaintiff was eventually placed in handcuffs, and transported to the 34 Precinct. Plaintiff was not searched on the scene.

As plaintiff was being transported, the officers in the van noticed that plaintiff was fidgeting in this seat. After arriving at the precinct, plaintiff would not exit the police van. Accordingly Officer Thomas had to use force to remove plaintiff from the van. Plaintiff's resistance caused both him in and Officer Thomas to fall out of the van and onto the ground. Officer Florez then found cocaine in the van where plaintiff had been sitting. Plaintiff was brought to the hospital, where he was treated for a few minor abrasions and contusions. Plaintiff was processed and his property was properly vouchered. Plaintiff was charged with criminal possession of a controlled substance in the third degree, pursuant to N.Y. PEN. LAW § 220.16, and resisting arrest, pursuant to N.Y. PEN. LAW § 205.30. He was later indicted, but the case was ultimately dismissed on speedy trial grounds. See N.Y. CRIM. PROC. LAW § 30.30.

## III. The Parties plan for completion of pretrial work on or before the current November 30, 2017, discovery deadline.

On October 10, 2017, the Court held a telephone conference to discuss the Parties' disputes relating to fact discovery and discovery extension. As the Court will recall, the Parties' dispute generally related to Defendants' obligation to produce investigative and disciplinary records including investigative summary reports and in some cases files arising from allegations made against Defendants on previous occasions. The Court shared its view regarding the discoverability of records of this sort, asked the Parties to consider their positions in light of the Court's view, and set a November 30, 2017, deadline for discovery without prejudice to a renewed extension motion depending on this status report detailing the Parties' positions and plan, whether discovery motion practice in fact becomes necessary, and whether good cause shown for any such motion.

At the outset, the Parties note that, since the October 10, 2017, conference, the following has occurred:

- Defendants took Plaintiff's deposition on October 14, 2017.
- Plaintiff served Defendants with deposition notices. Initially, these referenced "mutually agreeable dates" for those proceedings in recognition of Defense Counsel's

need to coordinate with Individual Deponents regarding availability, and Defense Counsel's need to produce the above-referenced discovery prior to the proceedings.

In terms of a timeline for the production of records and the taking of Defendants' depositions, Plaintiff has proposed the following schedule of internal control dates:

- November 15, 2017, 10 AM. Defendant Beattie's deposition will be taken provided that Defendants can produce Beattie-related records on or before November 8, 2017.
- November 21, 2017, 10 AM. Defendant Florez's deposition will be taken provided that Defendants can produce Florez-related records on or before November 14, 2017.
- November 28, 2017, 10 AM, Defendant Thomas's deposition will be taken provided that Defendants can produce Thomas-related records on or before November 21, 2017.
- November 29, 2017, 10 AM, Defendant Stefano's deposition will be taken provided that Defendants can produce Stefano-related records on or before November 21, 2017.

The Parties agree that they may reorder these proposed internal control dates in the event that the discovery record becomes complete for one Defendant sooner than expected and based on the officers' availability. At present, these proposed control dates reflect Plaintiff's rough estimate regarding the relative amount of paper discovery that remains outstanding as to each Individual Defendant.

On the subject of expert discovery, Plaintiff has proposed that if Defendants are able to produce Mr. Soto's deposition transcript on or before November 14, 2017 (one month from the proceeding's October 14 occurrence), Plaintiff will notice any intended injury-causation expert on or before November 22, 2017, with service of the report shortly thereafter. In the event Plaintiff seeks an expert for this damages issue, the expert(s) with whom Plaintiff consults will need Mr. Soto's testimony as well as his medical records (already in production) to formulate an informed opinion. It could very well be that Plaintiff ultimately decides not to pursue expert discovery, in which case Plaintiff will notify Defendants of this fact on or before November 22, 2017.

In the event Plaintiff notices an expert for this damages issue, and assuming that the Parties are able to complete fact discovery on or before November 30, 2017, Plaintiff believes that extension of discovery may be necessary at least for the limited purpose of completing expert discovery, as service of Plaintiff's expert report would come very close in time to November 30, 2017. On this timeline, Defendants would naturally need time to consider whether to notice their own expert, serve a report. Depending on if expert discovery takes place, the Parties would also need a reasonable period to perform related depositions. At this writing, the need for such work remains an open question and may not be required at all.

### IV. Conclusion.

In light of the foregoing, the Parties anticipate that should we be able to meet the herein proposed internal control dates without problem, we will also be able to complete fact

discovery on or before the current November 30, 2017, deadline. However, and perhaps obviously, this plan leaves little room for error because of the limited period of time at issue. Any misstep in the production of pre-deposition records, however minor, threatens the thwart the overall plan due to the late-November holidays and presumable difficulties that attorneys and deponents might have in moving proceedings at the eleventh hour. I recognize that the Parties' ability to meet this schedule depends in part on Defense productions, which I understand may be complicated by the timing of third-party records custodians' productions to Defendants. However, and as noted during the October 10, 2017, conference, a sincere effort by the Parties to meet this plan at the very least promises to achieve significant advances in fact discovery such that any unanticipated request for additional extension can be driven by good cause demonstrated by identifiable progress.

    Thank you for reading. The Parties will follow the Court's guidance with respect to the contents of this status report including submission of periodic status reports as directed.

Sincerely,

Ryan Lozar
Attorney for Plaintiff

/s/

Kathleen D. Reilly, Esq.
Attorney for Defendants

*The parties are directed to provide a further status report by 11/22/17.*

SO ORDERED:   DATE: 10/30/17

DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE